UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BOBBY LEE KENNEDY, | ) | CASE NO. 3:06 CV 0758 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| D.B. DREW, WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On April 3, 2006, both a certified copy of the docket and transfer order signed by Judge Harwell G. Davis of the United States District Court of the Northern District of Alabama were filed in this court. Judge Davis issued the order to transfer this in forma pauperis action by pro se petitioner Bobby Lee Kennedy against Warden D.B. Drew, the Ohio Department of Corrections, Leslie Payton and Melissa Adams on February 17, 2006. In his petition, Mr. Kennedy asserts that an illegal detainer was lodged against him by the Ohio Department of Rehabilitation and Corrections (ODRC) and he seeks an order to have the detainer "swashed [sic]" and to be released from prison. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Kennedy was sentenced by this court on May 1, 1989 to fifteen years in prison. See United States v. Kennedy, No. CR-89-6790 (ND Ohio 1989). On the same date, he was also sentenced by the State of Ohio to "three years actual incarceration,' on a handgun specification charge and 'not less than (5) nor more than (25) years.'" (Pet.at 2.) He claims the Lucas County Court Judge William Skow ordered his state sentence to be "served concurrently and coterminously with [the] sentence imposed in the United States District Court, CR-89-710-01." (Pet.at 2.)

After the sentencing, petitioner claims he was "processed" through the ODRC and assigned a state prison number. He was "then turned over to federal custody" to serve his federal sentence. On December 2, 1999, he was released from federal prison after serving ten of the fifteen years to which he was sentenced by the federal court. He maintains that the Bureau of Prisons (BOP) contacted the ODRC prior to his release and was advised that it had "no legal claim to Petitioner, because petitioner did not owe the state of Ohio any time. They were told that … there was no sentence left to serve." (Pet. at 3.) Mr. Kennedy was then discharged from prison to his supervised release term.

On or about January 15, 2003, Mr. Kennedy violated a condition of his supervised release term. He was sentenced to 24 months for the violation and taken into federal custody. His scheduled release date was allegedly November 29, 2005. Before that date, however, a detainer was lodged with the BOP by the state of Ohio regarding an unexpired state sentence petitioner needed to complete. In response, Mr. Kennedy drafted a letter to the ODRC wherein he questioned the need for a detainer. The Assistant Chief of the Bureau of Sentence

2

Computation, Melissa Adams, replied to him in a letter dated November 8, 2005, explaining that at the time he was admitted to prison he had a 3 year gun specification that was never added to his file. As a result, his maximum date of release was changed to September 9, 2016 in order to reflect the additional 3 year gun specification. Ms. Adams explained further that once Mr. Kennedy was released from federal custody he would need to appear for a hearing before the Ohio Parole Board to determine if parole would be appropriate.

At some point in the later part of 2005, Mr. Kennedy filed a Petition for Writ of Mandamus in the Court of Common Pleas, Lucas County Ohio. The petition was opposed by the county prosecutor in December 2005, who explained that Judge Skow's order to have Mr. Kennedy's state sentence served concurrently and coterminously with his federal sentence was invalid. The prosecutor maintained that prior to the enactment of Senate Bill 2 (SB2) in 1996, it was the Ohio Parole Authority that had exclusive authority to determine the length of an offender's criminal sentence. As such, Judge Skow's order in 1988 was an improper attempt to control the length of petitioner's sentence and invaded the province of the Ohio Parole Authority. There is no indication that, to date, a ruling has been issued in the Mandamus action.

In his petition before this court, Mr. Kennedy continues to challenge the detainer lodged by the ODRC as illegal. He claims that he cannot be forced to serve a sentence that the court did not impose, especially after the ODRC "released" him from custody. He adds that the ODRC waived jurisdiction over him in 1999 when he was released from custody. Moreover, even if the judge's sentencing order was 'illegal,' the State is precluded from challenging the judge's order because it failed to timely 'appeal' it pursuant to § 2953.21(2) of the Ohio Revised Code within 180 days.

*28 U.S.C. § 2241*

Regardless of the label on the statutory framework for a petition, the habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. Greene v. Tennessee Department of Corrections, 265 F.3d 369 (6th Cir.2001). In Greene, the Sixth Circuit agreed with the following language of the Seventh Circuit:

> Felker leads to the conclusion that when a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

Id. at 371 (quoting Walker v. O'Brien, 216 F.3d 626, 637 (7th Cir.2000) (relying on Felker v. Turpin, 518 U.S. 651(1996)) (citations omitted)). Where a habeas petition is filed by a person in state custody, a federal court may only entertain the petition on the ground that the prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Here, Mr. Kennedy asserts that he has fully served the sentence imposed by the trial court and argues that the detainer is an attempt to unlawfully extend his term of confinement. Although he stated that he filed a pending mandamus action he does not indicate that an unfavorable decision has been issued by the court. To be eligible for habeas relief on any given claim, a state prisoner first must fully and fairly present his claim, as a matter of federal law, to state courts. See Picard v. Connor, 404 U.S. 270, 275 (1971). Merely raising an issue as a matter

4

of state law will not satisfy the exhaustion requirement. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). If petitioner receives an unfavorable decision on his pending mandamus action then he can re-file this action, having exhausted his appropriate state court remedies.[1]

Based on the foregoing, the petition is dismissed without prejudice for failure to exhaust state court remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 20, 2006                     s/   James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[1] This court expresses no opinion concerning whether Mr. Kennedy's claims are cognizable or concerning whether he may be found to have procedurally defaulted on said claims once he exhausts the state remedies available to him.